```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

KATHLEEN HUNT,

      Plaintiff,

v.                                  Case No. 8:16-cv-509-T-33AAS

BOB GUALTIERI, MAXIM
PHYSICIAN RESOURCES, LLC,
and DR. LUIS A. QUINONES,

      Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. For the reasons that follow, the case is remanded to the Sixth Judicial Circuit, in and for Pinellas County, Florida.

**I.   Background**

This case was originally filed in state court on May 15, 2015, and was removed to this Court on the basis of federal question jurisdiction on May 22, 2015, where it was assigned case number 8:15-cv-1257-T-33EAJ. Pursuant to a joint motion, 15-cv-1257 was bifurcated. Counts I and II of the Amended Complaint against Defendants Fox and Cruz were severed from Counts IV, V, VI, VII, VIII, IX, and X, against Defendants Gualtieri, Maxim Physician Resources, LLC, and Dr. Quinones. (Doc. # 2). As a result, on March 2, 2016, this case against

Gualtieri, Maxim, and Dr. Quinones, 8:16-cv-509-T-33AAS, was opened, stayed, and administratively closed pending resolution of the claims against Fox and Cruz in the companion case. (Id.).

After the claims against Fox and Cruz were dismissed with prejudice and the companion case closed, this case was reopened. (Doc. # 9). On December 2, 2016, Counts VII and VIII against Maxim were dismissed, but Counts IV, V, and VI against Gualtieri and Counts IX and X against Maxim and Dr. Quinones remained. (Doc. # 22). Subsequently, Hunt and Gualtieri filed a joint motion to dismiss Counts IV, V, and VI against Gualtieri with prejudice. (Doc. # 30). Count IV — a 42 U.S.C. § 1983 claim — was the sole federal claim remaining. The Court granted Hunt and Gualtieri's motion on April 7, 2017. (Doc. # 31).

## II. Discussion

Pursuant to Hunt and Gualtieri's joint motion, the Court dismissed the three counts against Gualtieri, including the Amended Complaint's sole federal claim. (Doc. # 31). The two remaining counts, Counts IX and X, are state law claims for medical negligence against Dr. Quinones and Maxim, over which the Court was exercising supplemental jurisdiction. The Eleventh Circuit "has repeatedly said that, when all of the

2

federal claims have been dismissed pretrial, Supreme Court case law 'strongly encourages or even requires dismissal of the state claims.'" Estate of Owens v. GEO Grp., Inc., 660 Fed. Appx. 763, 775 (11th Cir. 2016)(citations omitted).

However, because this case was removed to federal court, remand rather than dismissal is appropriate. See Cook v. Sheriff of Monroe Cty., 402 F.3d 1092, 1123 (11th Cir. 2005) (explaining "[b]ecause this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [plaintiff's] remaining claim should be remanded to state court"); Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001)(holding that after all federal claims had been dismissed, "[i]f the district court does decline to exercise supplemental jurisdiction, these [state] claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court"). Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, Counts IX and X, and the case is remanded to the Sixth Judicial Circuit, in and for Pinellas County, Florida.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to the Sixth Judicial Circuit, in and for Pinellas County, Florida. Thereafter, the Clerk shall **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of April, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE